Filed 7/19/16  P. v. Wallace CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PATRICK WALLACE,<br><br>    Defendant and Appellant. | D067537<br><br><br><br>(Super. Ct. No. SCD252950) |

APPEAL from a judgment of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Patrick Wallace of first degree robbery (Pen. Code,[1] § 211), burglary (§ 459), false imprisonment (§§ 236\237, subd. (a)), attempting to dissuade a witness from reporting a crime (§ 136.1, subd. (b)(1)), and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)). The jury also found true allegations that the burglary was of an inhabited dwelling house and committed in the presence of a person other than an accomplice (§ 667.5, subd. (c)(21); § 460); and that the robbery was perpetrated in an inhabited dwelling house and committed in concert with two or more persons (§ 212.5, subd. (a); § 213, subd. (a)(1)(A)).

The court found true allegations Wallace sustained a prior robbery conviction in 2013, which qualifies both as a strike prior and a serious felony prior (§ 667, subd. (e)(1); § 667, subd. (a)(1)); and in doing so, denied Wallace's *Romero*[2] motion to strike his strike prior for sentencing purposes. At Wallace's sentencing, the court imposed the midterm of six years for first degree robbery and stayed the remaining counts per section 654. (§ 213.) Based upon his strike prior, Wallace's six-year term was doubled to 12 years. The court added five years to Wallace's term for the serious felony prior, resulting in a total sentence of 17 years. (§ 667, subd. (e)(1); § 667, subd. (a)(1).)

Wallace's codefendant, Kevin Dean, also was convicted of first degree robbery (§ 211). Dean admitted a prior robbery conviction from 2008, which qualified both as a strike prior and serious felony prior. The court found a factual basis for that admission,

---

1    All statutory references are to the Penal Code unless otherwise specified.

2    *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

and like it did for Wallace, imposed on Dean the midterm of six years for first degree robbery and stayed the remaining counts per section 654. (§ 213.) Contrary to the court's action regarding Wallace, the court granted Dean's *Romero* motion to strike his strike prior for sentencing purposes. As a result, Dean's base term of six years was not doubled. Instead, the court increased Dean's sentence only by the addition of five years for having a serious felony prior. In summary, the court sentenced Dean to prison for 11 years, while it sentenced Wallace to prison for 17 years.

Wallace appeals contending the duration of his sentence relative to that of his codefendant violates due process and equal protection under the federal and California Constitutions, sections 1170 and 1170.3, and California Rules of Court,[3] rule 4.410. We disagree, and thus affirm the judgment.[4]

## DISCUSSION

Wallace argues that, at most, he is no more culpable than Dean in the underlying offense. As such, he claims his longer prison sentence is unlawful. In support of his argument, Wallace relies on rule 4.410 as well as sections 1170 and 1170.3, which acknowledge the court's objective of uniformity in sentencing. Section 1170 provides that the purpose of sentencing ". . . is best served by terms proportionate to the

---

[3]    All further rule references are to the California Rules of Court.

[4]    Because Wallace does not challenge his conviction for the underlying offense, we will not set forth a statement of facts. It is sufficient to note that Wallace, Dean, and others, broke into the victim's apartment while she was home; and the group forced her to sever her 911 call, hit her several times, and threatened her with a gun before stealing several of the victim's and her cohabitant's belongings.

3

seriousness of the offense with provisions for uniformity in the sentences of offenders committing the same offense under similar circumstances." (§ 1170, subd. (a)(1).) Wallace asserts further that his rights to equal protection and due process under the federal and California Constitutions were violated because he and Dean were similarly situated but treated differently and there was no rational basis for that disparate treatment.

Wallace emphasizes that he and Dean were involved in the same crime, convicted of the same charge, and each have a prior conviction that qualifies both as a strike prior and serious felony prior. Wallace claims the court abused its discretion by imposing on him, the midterm sentence of six years, and on Dean, the low term sentence of three years.

A review of the record however, reveals that Wallace is mistaken. The court sentenced both he and Dean to the midterm sentence for first degree robbery. Wallace's sentence is greater than Dean's because Wallace's *Romero* motion to strike his strike prior for sentencing purposes was denied, and Dean's was not. As the Attorney General points out, Wallace does not contest the denial of his *Romero* motion, and therefore, cannot establish that the difference between his and Dean's sentence is not justified. By failing to challenge the court's denial of his *Romero* motion, Wallace forfeited this issue on appeal. (*MacDonald v. Joslyn* (1969) 275 Cal.App.2d 282, 285 ["Defendant has appealed from the judgment and the order denying his motion to strike the cost bill. Since his brief contains no argument directed to the appeal from the order, it must be deemed abandoned."]; *Adoption of Mathew B.* (1991) 232 Cal.App.3d 1239, 1267, fn. 16.) For this reason alone, Wallace's challenge here is without merit.

Yet, even if Wallace challenged the denial of his *Romero* motion, his claim would fare no better. We review an assertion that the court erred in denying a *Romero* motion under the deferential abuse of discretion standard. (*Romero*, *supra*, 13 Cal.4th 497 at p. 532.) There is no evidence in this record of an arbitrary or capricious exercise of discretion by the court. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) To the contrary, the court balanced the nature, seriousness, and temporal proximity of Wallace's prior and instant offenses with Wallace's youth, upbringing, and role in the crimes on his record. The court concluded that balance favored denying Wallace's *Romero* motion, and it was within the court's discretion to conclude as such. (See *People v. Williams* (1998) 17 Cal.4th 148, 158.)

With that foundation in mind, Wallace cites no binding authority suggesting the difference between his and Dean's sentences raises questions of equal protection or due process. Wallace and Dean were subjected to parallel proceedings, therefore a comparison of the two raises no question of due process. The discretion exercised to grant or deny each defendant's *Romero* motion hinged on facts specific to each defendant's background and character; therefore, the defendants were not "similarly situated" sufficient to raise a question of equal protection. (See *People v. Wilkenson* (2004) 33 Cal.4th 821, 836.) For the same reason, the court's decision to grant Dean's but not Wallace's *Romero* motion does not undermine the policy of uniformity of sentencing set forth in general terms in sections 1170 and 1170.3, and rule 4.410(a)(7).

DISPOSITION

The judgment is affirmed.

_____
HUFFMAN, J.

WE CONCUR:

_____
BENKE, Acting P. J.

_____
AARON, J.